IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-CR-212-RAH-KFP |
| | ) | |
| KERRY HAWTHORNE | ) | |

### ORDER ON ARRAIGNMENT

On July 19, 2024, the defendant, Kerry Hawthorne, appeared in person with counsel, Thomas M. Goggans, and was arraigned in accordance with Rule 10 of the Federal Rules of Criminal Procedure.

**PLEA**. The defendant entered a plea of **NOT GUILTY**. Counsel for the defendant should contact the U.S. Attorney immediately if the defendant intends to engage in plea negotiations. If the defendant decides to change this plea, the parties must file a notice of intent to plead guilty or notify the clerk's office before the pretrial conference, and then this action will be set on a plea docket.

**PRELIMINARY SENTENCING GUIDELINES INFORMATION.** The Court no longer requires the United States Probation Office to provide preliminary sentencing guideline information to defendants. In difficult or complex cases, defendants may request the United States Probation Office to provide Sentencing Guideline calculation assistance with the understanding that any estimate is tentative and not binding on the United States Probation Office, the parties, or the Court. The Court expects any requests for Sentencing Guideline calculation assistance to be the exception and not to be made as a matter of routine. A request for Sentencing Guideline calculation assistance must be made no later than **ten days** after the date of this order.

**PRETRIAL CONFERENCE**. An initial pretrial conference is set for **September 18, 2024, at 10:00 a.m**., **by video conferencing via ZoomGov Meeting**. At least five minutes before the start of the conference, counsel should join the proceeding by logging into the Court's conference call line. A member of the undersigned's staff will email the attorneys for the parties with the meeting ID and password that must be entered to join the hearing. If a party experiences technical difficulties, that party should seek direction by calling chambers at (334) 954-3730 but only after first attempting to rejoin the call.

At least **three days** before the pretrial conference, counsel must confer about the issues and matters to be discussed at the pretrial conference as set forth in this order. Counsel who want in-custody defendants to attend must notify the Magistrate Judge **three**

**days** before the conference date so an order to produce can be issued to the United States Marshal.

At the pretrial conference, counsel must be prepared to discuss all pending motions, the status of discovery, possible stipulations, and the estimated length of trial. Counsel must be prepared to provide a definite commitment as to the final disposition of this case—by trial, plea or other non-trial disposition. If resolution of a dispositive motion will affect the nature of this commitment, counsel must be prepared to discuss this type of resolution. If the case will be resolved by a plea, notice of intent to enter a plea should be filed at the time of the pretrial conference. If the parties require additional time for plea negotiations, counsel should be prepared to inform the Court about the date when those negotiations will be completed.

**TRIAL**. Trial is set before United States District Judge R. Austin Huffaker, Jr. on the trial term beginning on **November 18, 2024, at 10:00 a.m**. in Montgomery, Alabama, unless otherwise ordered by the Court. Any requested voir dire questions and jury instructions must be filed at least **two weeks** before jury selection.

In setting this case for the above trial term, the Court recognizes the limits of the Speedy Trial Act, and that, under the act, trial must commence within 70 days of the date of indictment or Defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). In determining whether to set a case for trial after the expiration of the 70-day period, a court must consider, among other factors, "[w]hether the failure to [set the case at a later date] . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(I). A court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Based on the nature of this case with voluminous discovery, the Court finds that the ends of justice served by setting this case on this trial term outweigh the best interests of the public and Defendant in a speedy trial.

**PRETRIAL MOTIONS**. All pretrial motions under Fed. R. Crim. P. 12(b) and (d), 14, and 16, all notices under Fed. R. Crim. P. 12.1, 12.2, and 12.3, and any motion to compel under M.D. Ala. LCrR 16.1 on criminal discovery (a copy of this rule may be found at www.almd.uscourts.gov/forms/almd-local-rules) must be filed at least **two days** before the first pretrial conference. No motion filed after this date will be considered unless filed with leave of court. Unless otherwise ordered by the Court, continuance of trial will not extend the time for filing pretrial motions. The conferencing requirement in M.D. Ala. LCrR 16.1(c) must be met before the Court will consider any discovery motion. The court will not grant motions to adopt motions filed by other defendants.

Motions to suppress must allege specific facts that, if proven, would provide a basis of relief. This court will summarily dismiss suppression motions supported only by general

or conclusory assertions founded on mere suspicion or conjecture. All grounds must be specifically stated in separately numbered paragraphs in a section labeled "Issues Presented." **Grounds not stated in this section of the motion are waived.** *See generally United States v. Richardson*, 764 F.2d 1514, 1526–27 (11th Cir. 1985).

**DISCOVERY**. All discovery must be conducted according to this Court's Standing Order on Criminal Discovery, which may be found at www.almd.uscourts.gov. The government stated at arraignment that it will provide initial disclosures to the defendant on July 19, 2024. Disclosures by the defendant required by M.D. Ala. LCrR 16.1(a)(4) are due by **July 26, 2024**.

**JENCKS ACT STATEMENTS**. The government agrees to provide defense counsel with all Jencks Act statements before the day set for trial.[1]

**MANDATORY APPEARANCE OF COUNSEL**. Counsel of record for all parties are ORDERED to appear at all court proceedings in this case. Those attorneys who find it impossible to be in attendance (especially at the pretrial conference, jury selection, or trial) must make arrangements to have substitute counsel appear on behalf of their clients. Any attorney who appears as substitute counsel for a defendant must have full authorization from the defendant to act on his or her behalf and be fully prepared to proceed. Substitute counsel must not be counsel for a co-defendant unless permitted by the Court after proper motion. Any counsel who wishes to have substitute counsel appear must obtain permission of the Court in advance.

DONE this 19th day of July, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE

---

[1] In certain complex cases, the government may agree to earlier production.