IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-CR-212-RAH-KFP |
| | ) | |
| HUNTER HUDSON, JR. ET AL. | ) | |

**GOVERNMENT'S MOTION TO EMPLOY
ALTERNATE VICTIM NOTIFICATION PROCEDURES**

The government respectfully moves this Court for authorization to employ alternate victim notification procedures pursuant to Title 18, United States Code, Section 3771(d)(2). More particularly, the victims in this case exceed several hundred. Most of their identities are virtually impossible to ascertain. This makes it impracticable to accord each victim individual notice and other rights described in subsection 3771(a). The United States therefore requests authorization to notify the victims by internet publication in a manner described below.

**INTRODUCTION**

For the past three years, the charged conspirators have participated in a conspiracy with over a hundred co-conspirators to attempt the theft of millions (or possibly tens of millions) of dollars by bank fraud, wire fraud, and mail fraud. In short, checks were stolen from the mail, illegally altered or counterfeited, deposited, and ultimately converted to cash. Due to the covert nature of the activity, only a fraction of the criminal enterprise can be identified. In other words, the number of identifiable co-conspirators is only a fraction of those who participated. Similarly, the number of identifiable victims including the original payor, the banks, the intended payee,

and those whose mail were otherwise disrupted is a mere fraction of those whose identity is ascertainable.

Further, the conspiracy is advanced through the cooperation of account holders who are co-conspirators. This creates a layer of ambiguity where individuals may be victims or may be co-conspirators. Ultimately, the uncertainty of the victims' status or identities and the large number of victims makes the normal procedures impracticable.

On October 30, 2004, the President signed into law the Justice for All Act of 2004. Title I of the Act enumerates specific rights of crime victims in federal criminal cases, codified at 18 U.S.C. § 3771(a). These include "[t]he right to reasonable, accurate, and timely notice of any public court proceeding ... involving the crime or of any release or escape of the accused," and "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771(a)(2), (a)(4). The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation and prosecution of crime [to] make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b). A "crime victim" under the Act is defined as "a person directly and proximately harmed" as a result of the commission of a federal offense. 18 U.S.C. § 3771(e). In routine cases involving a single or limited number of victims, the victim notification burdens imposed by the Act upon the government will be substantial. In other cases, involving tens, hundreds, or even thousands of potential victims, the burdens imposed by the Act would be simply overwhelming. In recognition of this, the Act grants the Court authority to fashion alternative notification procedures when the Court finds that

2

implementation of the prescribed requirements would be impracticable. The Act provides: In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection 3771(a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings. 18 U.S.C. § 3771(d)(2). The Act places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. Id.

### UNITED STATES PROPOSED ALTERNATIVE NOTIFICATION PROCEDURES

The United States through the Federal Bureau of Investigation and the United States Postal Service have attempted to notify the identified victims of the investigation.  Through correspondence and investigation, over a hundred victims have been identified.  The Department of Justice is equipped to provide mass emails or mail to the identified victims via email; however, many of these victims may have changed their original contact information and many more remain unidentified.  The Department of Justice is equipped to provide further notice to these unidentified victims or those whose contact information is not known by internet notification as described below.

The Department seeks to provide the following information regarding this case:  1) The names of the defendants, the case number and charges; 2) All of the victim rights codified at 18 U.S.C. § 3771(a); 3) The identity of the prosecutors; and 4) The identity and contact telephone numbers of Victim Witness Coordinator for the Middle District of Alabama.  The Department proposes that this information be provided on the website for the United States Attorney for the Middle District of Alabama, https://www.justice.gov/usao-mdal/pr.  The Department will provide further information by email including individual court dates and dispositions to identified

victims upon their making contact with the Victim Witness Coordinator for the Middle District of Alabama.

## **CONCLUSION**

Accordingly, the government requests authorization for notification procedures as described above which includes posting general notice upon the website for the United States Attorney's Office for the Middle District of Alabama. The government requests further authorization to provide specific updates to those victims who request updates by email.

Respectfully submitted this the 31st day of July, 2024.

                                              JONATHAN S. ROSS
                                              UNITED STATES ATTORNEY

*/s/ J. Patrick Lamb*
J. PATRICK LAMB
Assistant United States Attorney
131 Clayton Street
Montgomery, AL  36104
Tel: (334) 223-7280
Fax: (334) 223-7135
Email: james.lamb@usdoj.gov

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>HUNTER HUDSON, JR. ET AL.   ) | CR. NO. 2:24-CR-212-RAH-KFP |

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 31st, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                                                                            */s/ J. Patrick Lamb*
                                                                                              J. PATRICK LAMB
Assistant United States Attorney
131 Clayton Street
Montgomery, AL  36104
Tel: (334) 223-7280
Fax: (334) 223-7135
Email: james.lamb@usdoj.gov